MOORE, Judge, dissenting.
On May 27, 2015, Ray F. Robbins II filed a complaint in the Talladega Circuit Court ("the trial court") against Direct General Insurance Company ("Direct General"). Robbins asserted claims of breach *62 of contract resulting from Direct General's purported agreement, and failure to perform on that agreement, to repair Robbins's automobile with no diminished value; to pay Robbins the value of a rental vehicle while his automobile was being repaired; and to pay Robbins for his medical bills incurred as a result of his automobile accident with one of Direct General's insureds.
Following a number of other filings and orders, Direct General filed a motion for a summary judgment on June 7, 2016, attaching thereto, among other things, the affidavit of Robert Waldern, a claims manager for Direct General. Waldern stated, among other things, that, following the accident with Direct General's insured, an estimate for repairing the damage to Robbins's automobile had been prepared using "aftermarket crash parts supplied by a source other than the manufacturer" of the automobile and that the amount of the estimate was $5,012.11; that Robbins had been sent a letter from Direct General offering to settle his property-damage claim for that amount on January 8, 2015, and to allow Robbins to have his automobile repaired at a shop of Robbins's choice; that, beginning on that same date, Waldern had had several telephone conversations with Robbins, during which Waldern had told Robbins that Direct General would "pay for the repair of his vehicle to its pre-accident condition" and that it would allow the repair shop to use original manufacturers' parts for the repair of the vehicle instead of the "aftermarket" parts. Waldern also stated that he had discussed reimbursement for a rental vehicle with Robbins but that he had not discussed a diminution-of-value claim with Robbins.
In an affidavit that Robbins submitted to the court pursuant to an earlier filing, Robbins asserted, among other things, that Waldern had stated during their conversations that Direct General would not pay Robbins the difference between the value of his automobile before and after the accident, but that it would make the repairs to his automobile such that there would be no diminished value thereto, and that he would send Robbins something in writing memorializing their agreement. According to Robbins, Waldern had sent him an e-mail later that day and, on the following day, he had e-mailed a letter to Waldern indicating that Direct General had agreed to make the repairs to his automobile with the guarantee that Direct General would warrant that his automobile would have no diminished value. Robbins also stated that, in a telephone conversation thereafter, Waldern had confirmed their agreement. Robbins stated that, as a result, he had agreed to allow his automobile to be repaired under the conditions he had discussed with Waldern. He stated, however, that his automobile had not been repaired such that it had no diminished value, that Direct General had also failed to settle his claims for medical bills as discussed, and that another employee of Direct General had indicated that Direct General would not pay for Robbins's rental vehicle. In his affidavit filed in response to Direct General's summary-judgment motion, Robbins reiterated that Waldern had represented that Direct General would repair his automobile to its pre-accident condition and that it would have no diminished value and that, based on that representation, Robbins had agreed to allow the repairs to his automobile.
On July 19, 2016, the trial court entered a summary judgment in favor of Direct General, and, following the denial of Robbins's postjudgment motion, Robbins timely appealed to this court.
"Our standard of review for a summary judgment is as follows:
" 'We review the trial court's grant or denial of a summary-judgment motion de novo, and we use the same standard used by the trial court to *63 determine whether the evidence presented to the trial court presents a genuine issue of material fact. Bockman v. WCH, L.L.C., 943 So.2d 789 (Ala. 2006). Once the summary-judgment movant shows there is no genuine issue of material fact, the nonmovant must then present substantial evidence creating a genuine issue of material fact. Id."We review the evidence in a light most favorable to the nonmovant." 943 So.2d at 795. We review questions of law de novo. Davis v. Hanson Aggregates Southeast, Inc., 952 So.2d 330 (Ala. 2006).' "
Lloyd Noland Found., Inc. v. HealthSouth Corp., 979 So.2d 784, 793 (Ala. 2007) (quoting Smith v. State Farm Mut. Auto. Ins. Co., 952 So.2d 342, 346 (Ala. 2006) ). In Perkins v. Johnson, 866 So.2d 1146, 1148-49 (Ala. Civ. App. 2003), this court explained:
"To recover on a breach-of-contract claim, a plaintiff must prove: '(1) the existence of a valid contract binding the parties in the action, (2) his own performance under the contract, (3) the defendant's nonperformance, and (4) damages.' Southern Med. Health Sys., Inc. v. Vaughn, 669 So.2d 98, 99 (Ala. 1995). The elements of a contract are: (1) an offer and acceptance, (2) consideration, and (3) mutual assent to the essential terms of the contract. Southern Energy Homes, Inc. v. Hennis, 776 So.2d 105 (Ala. 2000)."
This court's no-opinion order of affirmance cites cases supporting the conclusion that Robbins and Direct General had not reached a meeting of the minds such that a contract had been formed regarding the repair of Robbins's automobile that would result in no diminished value thereto. It appears clear, however, according to the affidavits of both Waldern and Robbins, that, after Direct General had sent an offer to Robbins regarding the repair of his automobile, Robbins and Waldern had spoken and agreed to terms different than those contained in the offer, including an agreement to repair Robbins's automobile using original manufacturer's parts and to repay Robbins for the cost of a rental vehicle. Although Robbins admitted that Direct General had refused to simply pay him the difference between what his automobile had been worth before the accident and what it was worth after, Robbins also asserted in an affidavit that Waldern had represented that Direct General would pay to repair the automobile such that it would have no diminished value and that he had acted on that representation. Although Waldern asserted in his affidavit that he and Robbins had not had such a discussion regarding diminished value, Robbins's statements indicate that a genuine issue of material fact exists regarding the contents of the oral agreement reached between Waldern and Robbins. Because, in my opinion, a genuine issue of material fact exists, I would reverse the summary judgment entered by the trial court. Accordingly, I respectfully dissent.
Thomas, J., concurs.